# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RAMON GARCIA-MEDINA,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C08-4037-MWB<br>(No. CR06-4023-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges and Plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Sentencing and Appeal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *C. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant to § 2255* . . . . . . . . . . . . . . . . . . . 5
    *B. Denial of Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *C. Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *D. Garcia-Medina's Ineffective Assistance of Counsel Claims* . . . . . . . . 9
        *1.    Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . 10
        *2.    Claims of ineffective assistance at issue here* . . . . . . . . . 12
            *a.    Fast-track prosecution programs* . . . . . . . . . . . . . . 12
                *i.    Performance* . . . . . . . . . . . . . . . . . . . . . . . 13
                *ii.    Prejudice* . . . . . . . . . . . . . . . . . . . . . . . . . 14
            *b.    Discriminatory treatment* . . . . . . . . . . . . . . . . . . . 15
                *i.    Performance* . . . . . . . . . . . . . . . . . . . . . . . 16
                *ii.    Prejudice* . . . . . . . . . . . . . . . . . . . . . . . . . 17
    *E. Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

This matter comes before the court pursuant to Ramon Garcia-Medina's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence by a Person in Federal Custody (docket no. 1) (§ 2255 Motion), filed on May 12, 2008. Garcia-Medina raises two grounds for an ineffective assistance of counsel claim in his Motion. First, Garcia-Medina claims that his trial counsel rendered ineffective assistance of counsel by failing to request a downward departure based on the lack of a fast-track prosecution program in this district. Garcia-Medina's second claim is that counsel failed to request a downward departure on the basis of Garcia-Medina's status as a Mexican national. In the prosecution's estimation, neither ground cited by Garcia-Medina is cognizable in a request for post-conviction relief under 28 U.S.C. § 2255, and neither ground is meritorious.

## I. INTRODUCTION

### A. Charges and Plea

In a one-count indictment (docket no. 1)[1] returned on March 21, 2006, defendant Ramon Garcia-Medina was charged with being a previously deported alien who was found in the United States without the express consent of the Attorney General of the United States or his successor, in violation of 8 U.S.C. § 1326(a). The indictment included notice that Garcia-Medina's previous conviction on February 3, 2000, in the Superior Court of California, County of Santa Cruz, of two counts of possession and transportation of a controlled substance, would increase the maximum statutory sentence that could be imposed for a conviction on the pending charge, pursuant to 8 U.S.C. § 1326(b).

---

[1] All docket numbers in this section pertain to CR 06-4023-MWB.

On May 10, 2006, Garcia-Medina appeared before Chief United States Magistrate Judge Paul A. Zoss, was arraigned, and pleaded not guilty as charged. Hearing Minutes (docket no. 5). On the same day, Judge Zoss scheduled trial in the matter for July 3, 2006, and appointed the Federal Public Defender's office to represent Garcia-Medina. Order Appointing Federal Public Defender (docket no. 8). On May 23, 2006, Garcia-Medina, through counsel, filed an Unresisted Motion For Continuance (docket no. 11) based on the need for more time to complete investigation of the case and to conduct pretrial discovery. By Order (docket no. 12) dated May 24, 2006, Judge Zoss continued the trial to August 7, 2006.

On June 7, 2006, Judge Zoss set the matter for a plea hearing on June 19, 2006. Order to Continue (docket no. 13). On June 19, 2006, Garcia-Medina appeared in front of Judge Zoss, and pleaded guilty to the indictment. Judge Zoss filed a Report and Recommendation (docket no. 19) recommending that the court accept Garcia-Medina's guilty plea. By Order (docket no. 20) dated July 7, 2006, this court accepted Judge Zoss's Report and Recommendation, thereby accepting Garcia-Medina's guilty plea.

### B. *Sentencing and Appeal*

Garcia-Medina's sentencing hearing before the undersigned occurred on September 28, 2006. Garcia-Medina received a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2 based on having previously been deported after a conviction for a felony, that is, a drug-trafficking offense for which the sentence imposed exceeded 13 months. The enhancement was based on Garcia-Medina's prior conviction, in California, for two offenses. While the Presentence Investigation Report (PSIR) states that the California charges are both for possession and transportation of a controlled substance, for which the defendant received concurrent four-year sentences, the charging document reveals that both

3

Counts 1 and 2 are for the defendant having "sold and offered to sell 14.25 grams or more of a substance containing heroin." The addition of the enhancement placed Garcia-Medina at an offense level of 21. With a criminal history category of IV, the advisory guidelines range for Garcia-Medina was 57 to 71 months. The court sentenced Garcia-Medina to 63 months, near the middle of his guideline range. Garcia-Medina was also placed on supervised release for 3 years and was assessed a $100 special assessment. All fines were waived.

On October 4, 2006, Garcia-Medina filed an appeal, contending that the district court's sentence enhancement was improper under the Guidelines because the record failed to establish a prior drug-trafficking offense. On September 24, 2007, the Eighth Circuit Court of Appeals affirmed the sentence (docket 52).

### C. The § 2255 Motion

On May 12, 2008, Garcia-Medina filed his *pro se* § 2255 Motion (docket no. 1)[2] now before the court, with a Memorandum in Support of Movant's Motion attached. In his § 2255 Motion, Garcia-Medina challenges the validity of his conviction and sentence on the ground of ineffective assistance of counsel for the following reasons: (1) that his trial counsel was ineffective in failing to file a motion for a downward departure since there is no fast-track prosecution program in this district; and (2) that his trial counsel was ineffective in failing to file a motion for a downward departure on the ground that, as a Mexican citizen, he is not eligible for the same benefits (e.g., halfway house placement, vocational training, and drug program reductions) as are incarcerated United States citizens.

---

[2] All docket numbers in this section pertain to C08-4037-MWB.

By Order (docket no. 3) dated May 20, 2008, the court directed Garcia-Medina to file a brief in support of his motion on or before September 1, 2008, and ordered the government to file a reply brief on or before July 21, 2008. Garcia-Medina did not file another brief in support of his § 2255 Motion, apparently simply relying on his original brief filed with his original § 2255 Motion. On August 1, 2008, the court extended the government's deadline to file a response brief to August 18, 2008. (docket no. 4). The government filed a response on August 13, 2008 (docket no. 6), with an affidavit signed by trial counsel attached thereto.

## II. LEGAL ANALYSIS
### A. Standards For Relief Pursuant to § 2255

Turning to the legal analysis of Garcia-Medina's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777,

781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with

6

error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### B. Denial of Evidentiary Hearing

"A district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by

7

the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Garcia-Medina] is entitled to no relief" on his claim of ineffective assistance of counsel. 28 U.S.C. § 2255.

### C. *Procedural Default*

Garcia-Medina did not raise either of his claims on direct appeal. The Eighth Circuit Court of Appeals has held that a petitioner is barred from bringing an action under § 2255 for unappealed errors to which no contemporaneous objection was made, unless he can show both "cause" excusing his double procedural default, and "actual prejudice" resulting from the errors of which he complains. *Reid v. United States,* 976 F.2d 446, 448 (8th Cir. 1992) (citing to *United States v. Frady,* 456 U.S. 152, 165 (1982)). The Eighth Circuit Court of Appeals later clarified, in dicta, that even where claims filed pursuant to § 2255 are construed as being constitutional or jurisdictional in nature, the petitioner would still be required to show cause and prejudice to excuse a procedural default. *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994); *see also United States v. Ward,* 55 F.3d 412, 413 (8th Cir. 1995) ("[A]ll arguments, even constitutional or jurisdictional ones should be made at trial and on direct appeal."). Subsequently, citing to *Frady,* the Eighth Circuit Court of Appeals held that a movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996); *but see United States v.Widgery,* 796 F.2d 223, 225 (8th Cir. 1986) (post-*Frady* case applying the deliberate bypass standard to determine whether constitutional claims

8

were procedurally defaulted when not raised on appeal); *Cheek v. United States,* 858 F.2d 1330, 1335 (8th Cir. 1988) (same). However, ineffective assistance of counsel may constitute cause and prejudice to overcome a procedural default. *Becht v. United States,* 403 F.3d 541, 545 (8th Cir. 2005)(citing to *Boysiewick v. Schriro,* 179 F.3d 616, 619 (8th Cir. 1999)). Absent unusual circumstances, showing ineffective assistance of counsel satisfies both cause and prejudice requirements for raising a constitutional issue for the first time on collateral review. *Unites States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996). Indeed, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Garcia-Medina's § 2255 Motion does allege ineffective assistance of his trial counsel as the basis of both of his claims. Therefore, Garcia-Medina's claims are not procedurally defaulted.

### *D. Garcia-Medina's Ineffective Assistance of Counsel Claims*

Garcia-Medina's claims are for ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*,

339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Therefore, the court will address defendant Garcia-Medina's specific claims after briefly reviewing the standards for a claim of ineffective assistance of counsel.

### 1. *Applicable Standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d at 836 (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second,

10

"[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). The court will now consider defendant Garcia-Medina's specific claims of ineffective assistance of counsel.

11

## 2. *Claims of ineffective assistance at issue here*
### a. *Fast-track prosecution programs*

Garcia-Medina's first claim is that his trial counsel rendered ineffective assistance by neglecting to request a downward departure in the absence of a fast-track prosecution program in the Northern District of Iowa. The Court presumes that Garcia-Medina's reference to the "fast-track" refers to programs that allow certain defendants to plead guilty and to waive certain rights very early in the criminal process, in exchange for a motion for downward departure pursuant to U.S.S.G. § 5K3.1. The fast-track programs were first approved by Congress in 2003 as part of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT ACT"). Section 401(m)(2)(B) of the PROTECT ACT instructed the United States Sentencing Commission to create a policy statement authorizing a downward departure "pursuant to an early disposition program authorized by the Attorney General." Consequently, the Sentencing Commission adopted U.S.S.G. § 5K3.1, which provides that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. Former Attorney General Ashcroft formally created the fast-track program through a memorandum dated September 22, 2003, and authorized such programs in certain districts. According to the Attorney General, the programs "are based on the premise that a defendant who promptly agrees to participate in such a program has saved the government significant and scarce resources that can be used in prosecuting other defendants and has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in U.S.S.G. § 3E1.1." September 22, 2003, Memorandum from Former Attorney General Ashcroft on Department Principles for Implementing an Expedited

Disposition of Fast-Track Prosecution Program to All United States Attorneys, reprinted in 16 Fed. Sent. R. 134 (2003) ("Ashcroft Memo"). Once authorization has been granted to a specific district, the district may implement the program in a manner deemed appropriate by its United States Attorney, subject to certain restrictions. *Id*. This district does not have such a program, however.

*i.* ***Performance***. Garcia-Medina alleges that his counsel was constitutionally ineffective because he failed to request a "fast-track" departure from the court. (docket 1). More specifically, in his Memorandum in Support of Movant's Motion (docket no. 1), Garcia-Medina faults his counsel for not requesting a downward departure under U.S.S.G. § 85K2.0 and not providing the court with an objective explanation of the "combination of factors" that warrant a departure in his case. Garcia-Medina argues that counsel's failure denied him a sentence less than the 63 months imposed by the Court. The prosecution fails to make substantive arguments in response to Garcia-Medina's first claim, but does argue generally that relief should be denied, because Garcia-Medina's claim is not cognizable in this post-conviction petition (Response at 2), and does not allege meritorious issues. (Response at 6).

Garcia-Medina's first claim of ineffective assistance of counsel is foreclosed in this case by the Eighth Circuit Court of Appeals's holding that "variances based on the absence of fast-track programs are impermissible." *United States v. Gonzalez-Alvardo*, 477 F.3d 648 (8th Cir. 2007) (citing *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006)). In so holding, the Eighth Circuit Court of Appeals agreed with the reasoning and result reached by seven of its sister federal courts of appeals. *See United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006); *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1251 (11th Cir. 2006); *United States v. Mejia*, 461 F.3d 158, 163 (2d Cir. 2006); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) *United States v.*

13

*Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006); *United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006); *United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 309 (2006); *United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir.2006), *cert. denied*, 127 S. Ct. 928 (2007).

Because "variances based on the absence of fast-track programs are impermissible," *Gonzalez-Alvardo*, 477 F.3d at 651, Garcia-Medina's counsel did not perform deficiently by failing to make a frivolous argument for a variance based on the absence of such a program in this district. *See Strickland*, 466 U.S. at 689 (counsel does not render ineffective assistance by failing to make frivolous arguments); *see also Davis*, 406 F.3d at 510 (counsel did not provide ineffective assistance where no viable appellate claim existed). Because Garcia-Medina cannot establish deficient performance of counsel, his first claim of ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 688 (to prove ineffective assistance of counsel, the claimant must prove both deficient performance of counsel and that the deficient performance prejudiced him).

*ii.* **_Prejudice_**. Although the court need not analyze the "prejudice" prong of an ineffective assistance of counsel claim, if the court finds no deficient performance on the "performance" prong, *see Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999), the court will nevertheless consider the "prejudice" prong here as well. Again, the "prejudice" prong requires the movant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Here, however, because "variances based on the absence of fast-track programs are impermissible," *Gonzalez-Alvardo*, 477 F.3d at 651, Garcia-Medina cannot show that there is *any* probability that the results would have been different if his counsel

had made such a motion. Therefore, Garcia-Medina's first claim of ineffective assistance of counsel also fails on the "prejudice" prong of such a claim. *Strickland*, 466 U.S. at 688 (to prove ineffective assistance of counsel, the claimant must prove both deficient performance of counsel and that the deficient performance prejudiced him).

### b. *Discriminatory treatment*

Garcia-Medina's second claim for relief in his § 2255 Motion is that counsel was ineffective for failing to raise Garcia-Medina's Mexican citizenship as a mitigating factor at sentencing. He contends that his constitutional right to effective assistance of counsel was denied when counsel failed to request a reduction of his sentence upon consideration of the allegedly discriminatory collateral consequences imposed upon him by the Bureau of Prisons (BOP) regulations as a result of his alienage and national origin. Garcia-Medina asserts that, because of his status as a deportable alien, pursuant to BOP regulations, he does not qualify for a year off for completion of the Residential Drug Treatment Program, nor does he qualify to have ten percent of his sentence served in a halfway house or other community program, and he cannot receive camp status. Garcia-Medina claims that this essentially requires him to serve 18 months more than he would if he were not a deportable alien. (Motion at 1). Garcia-Medina contends that these differences in treatment constitute discrimination against him on the basis of "national origin" and that the district court imposed an unconstitutionally discriminatory sentence when it failed to take these collateral considerations into account. (Motion at 1).

The prosecution argues that there is no reasonable probability that the outcome in his case, the sentence imposed, would have been different, "but for counsel's unprofessional errors." (Response at 6). Specifically, the prosecution argues that the Eighth Circuit Court of Appeals has previously held that the BOP regulations based on deportable status are not

15

collateral consequences that justify a departure from the sentencing guidelines and, therefore, Garcia-Medina's second claim should fail on the merits. (Response at 6).

*i.* ***Performance***. Under the *Strickland* analysis, Garcia-Medina has not shown that counsel's performance was deficient. Garcia-Medina's argument that counsel provided incompetent representation by failing to raise Garcia-Medina's Mexican citizenship or the harsher consequences of incarceration that he would suffer because of his deportable alien status as a mitigating factor in sentencing is foreclosed by decisions of the Eighth Circuit of Appeals. *See United States v. Sera*, 267 F.3d 872 (8th Cir. 2001) (holding that the defendant's counsel's failure to make a motion for a departure based on the defendant's alien status was not objectively unreasonable in light of Eighth Circuit case law and other decisions); *United States v. Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000) (affirming the sentencing court's refusal to grant a motion for downward departure on the basis that the defendant's deportable alien status may subject him to harsher penalties, stating, "Defendant's status as a deportable alien is entirely attributable to his own voluntary acts. That he will suffer consequences as a result of that status is simply a fact. It need not alter the consequences that he is suffering on account of his drug offenses."); *United States v. Saelee*, 123 F.3d 1024, 1026 (8th Cir. 1997) (alien status alone is not a sufficient basis for departure); *United States v. Gonzalez-Portillo*, 121 F.3d 1122. 1124-25 (8th Cir. 1997) (rejecting both deportable alien status and the harsher conditions that might result from such status as inappropriate reasons for a departure). In light of these decisions, a motion for departure based on Garcia-Medina's alien status and the harsher conditions of incarceration resulting from that status would have been frivolous. *See Strickland*, 466 U.S. at 689 (counsel does not render ineffective assistance by failing to make frivolous arguments); *see also Davis*, 406 F.3d at 510 (counsel did not provide ineffective assistance where no viable appellate claim existed).

*ii.* ***Prejudice***.  Although the court need not analyze the "prejudice" prong of an ineffective assistance of counsel claim, if the court finds no deficient performance on the "performance" prong, *see Boysiewick v. Schriro*, 179 F.3d 616, 620, the court will nevertheless consider the "prejudice" prong for this claim as well.  Again, the "prejudice" prong requires the movant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).  Here, however, because Eighth Circuit case law, cited above, foreclosed a departure based on Garcia-Medina's deportable alien status and the harsher consequences of incarceration flowing from that status, there is no reasonable probability that his sentence would have been different, if counsel had made a motion for departure on those grounds.  Therefore, Garcia-Medina's second claim of ineffective assistance of counsel also fails on the "prejudice" prong of such a claim.  *Strickland*, 466 U.S. at 688 (to prove ineffective assistance of counsel, the claimant must prove both deficient performance of counsel and that the deficient performance prejudiced him).

### E. *Certificate of Appealability*

Denial of Garcia-Medina's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *

17

**(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Garcia-Medina has not made a substantial showing of ineffective assistance of counsel or the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Garcia-Medina's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Garcia-Medina does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, defendant Garcia-Medina's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1 ) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA